LINDA TIRELLI, ESQ
OF COUNSEL TO DAVID J. BABEL, PC
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

**IN THE MATTER OF**

**ARTHUR DURANT**
    **DEBTOR**

**CHAPTER 13**
**CASE NO: 10-12269 (SCC)**

**OBJECTION TO PROOF OF CLAIM  #5-1FILED BY:**
**Named Creditor:**
**Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7**
**AND REQUEST FOR ACCOUNTING**
**AND CONDITIONAL MOTION FOR SANCTIONS AND FEES**

-----------------------------------------------------------------X

## OBJECTION TO PROOF OF CLAIM  #5-1
**NAMED CREDITOR: Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7**
## AND REQUEST FOR ACCOUNTING
## AND CONDITIONAL MOTION FOR SANCTIONS AND FEES

**TO THE HONORABLE SHELLY C. CHAPMAN**
**UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW** the above-named debtor, Mr. Arthur Durant (the "Debtor" or "Mr. Durant") by and through his attorney of record, Linda M. Tirelli, Esq, Of Counsel to Law Offices of David J. Babel, pursuant to Rule 3007 of the Rules of Bankruptcy Procedure and respectfully objects to the Proof of Claim filed in this case by the above named creditor and in support hereof respectfully show unto the Court the following:

1.  This case was commenced by the filing of a petition with the Clerk of this court on or

about April 29, 2010.

2. The Debtor, Mr. Arthur Durant, is the owner of real estate located at 3720 Dyre Avenue, Bronx, New York 10466, which is his primary residence.

3. The Debtor listed a debt and named American Home Mortgage Servicing Inc. as a secured creditor on Schedule D of his petition, not knowing anything about the purported creditor "Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7", an entity not identified on his petition.   A copy of Debtors' Schedule "D" is attached hereto as **Exhibit "A."**

4. On or about May 20, 2010 a purported creditor, "**Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7" ("DBNTC")** filed a proof of claim identified on the court's ECF system as Claim #5-1.  A copy of the Proof of Claim #5-1 is attached hereto as **Exhibit "B."**   **DBNTC** is <u>not</u> an entity known to the Debtor and is further not identified as a creditor in the Debtor's petition.

5. The 341(a) meeting of creditors was held in New York, New York on or about June 17, 2010.  Neither the purported creditor, DBNTC, nor its representative attended.

6. The Chapter 13 Plan was served upon all parties and is scheduled for a confirmation hearing on November 18, 2010.

## I.  FACTUAL ALLEGATIONS

7. Proof of Claim #5-1 purports that the debtor owes DBNTC the total sum of $239,381.02 on a secured claim, with a purported arrearage owing of $18,950.74.

Attached to the proof of claim are the following documents:

A. An "Official Form 10" dated **May 20, 2010** and executed by "Lawrence J Buckley as Creditor's Authorized Agent" with no indication of any basis for his authority to do so[1];

B. A single page itemization, entitled, "EXHIBIT A" not dated and naming a creditor, "**American Home Mortgage Servicing Inc as servicing agent for Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7**" which the court make take judicial notice is different than the creditor named on Official Form 10 and which does not appear anywhere on the debtor's schedules;

C. A TWO (2) Page document, "Fixed Rate Note" which is unendorsed, dated June 22, 2005 identifying the parties as follows:

<u>Borrower</u>: "Arthur Durant"

<u>Lender</u>: "Ameriquest Mortgage Company";


D. A SEVENTEEN (17) Page document entitled "Mortgage" which indicates numbered pages 1 of 17 through 17 of 17 dated **June 22, 2005** identifying the parties as follows:

<u>Borrower</u>: "Arthur Durant"

<u>Lender</u>: "Ameriquest Mortgage Company";

E. A ONE (1) page document entitled "Legal Description";

F. A FIVE (5) Page series of what are labeled, **"LPS DESKTOP-INVOICE MANAGEMENT – INVOICE DETAIL"** identifying the following:

---

[1] Upon calling the law firm of Brice, Vander Linden & Wernick, 9441 LBJ Freeway, Suite 350, Dallas, TX 75206 the undersigned learned Mr. Buckley is actually a lawyer with said firm, although he did not identify himself as such on the proof of claim or via appearance with the court.

Vendor:  Alan Weinreb, PLLC Law Offices Of

Payee:        ATWEIN

Vendor Contact:  Pamela Gassen

Servicer: American Home Mortgage Servicing, Inc.

Onv.ID/Cat ID. : E33/001

Investor: AMSI 2005-R7

**Outsource Firm: LPS Default Solutions**

Said invoices note a number of charges and fees including one on the first page

"Attorney Fees" $75.00 for Document Review by Kathleen Degrammont of AHMSI.[2]

G.   The undersigned sent a letter to Lawrence Buckley, Esq.  at the address indicated on

the appearance of attorneys of record as well as to Attorney Alan Weinreb identified

on the LPS Desktop Invoices,  dated **July 5, 2010** requesting (among other things)

additional supporting documentation, clarification as to the identity of the person

signing the proof of claim, documentation and accounting of the itemization of the

claim and assistance with deciphering the documents attached to the POC and

information regarding the connection between the purported creditor and the loan

documents.  Said letter requested a response within TWO (2) weeks.  A true and

accurate copy of this letter is attached here to as **<u>Exhibit "C"</u>**.

H.   To date, neither addressee law firms have formally responded to the letter referred to

in paragraph G above, however, the undersigned received a call from Attorney

Weinreb who provided no answers, explaining that he handled only the foreclosure

filing and not the bankruptcy.  Mr. Weinreb did however,  fax to the undersigned a

---

[2] Despite serious efforts by the undersigned to confirm the information, the undersigned could not ascertain  that
AHMSI is a law firm or that Ms. Degrammont is an attorney.

one page curious document, a purported Assignment of Mortgage dated January 15, 2009 (hereinafter the "Assignment of Mortgage") identifying the following parties:

**Assignor**: "Citi residential Lending, Inc. as Attorney in Fact for **Ameriquest Mortgage Company** Whose Address is 10801 E. 6th Street, Rancho Cucamonga, CA 91730 "

**Assignee**: "Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7, Under Pooling and Servicing Agreement Dated August 1, 2005 Whose address is 1761 St. Andrew Place, Santa Ana, CA 92705-4934"

The purported Assignment of Mortgage is signed by "Crystal Moore, Vice President of Citi residential Lending, Inc. as Attorney in Fact for **Ameriquest Mortgage Company**" and despite both the purported Assignor and Assignee identifying their addresses in California, this document is notarized by "Bryan J. Bly, Notary Public" in Pinellas County, Florida. A copy of the purported Assignment of Mortgage provided by Attorney Weinreb is attached hereto as **Exhibit "D".**

8.   The undersigned served a Qualified Written Request dated July 5, 2010 pursuant to the Real Estate Settlement Procedures Act ( "RESPA") 12 U.S.C. 2605(e) to the purported servicer, AHMSI. Copies were also sent to counsel of record for the purported creditor, the Ch 13 Trustee and the office of the US Trustee. Said request seeks additional information germane to the claim submitted to the court and such discrepancies as to the identity of the owner and real party in interest (if any) as well as the identity of the mortgage servicer (if any) and for information regarding the accounting and summary as attached to the proof of claim. This request further seeks additional supporting

documentation.  Said letter was mailed via certified first class US mail, return receipt requested, and request for a response within the time limits set forth under 12 U.S.C. Sec. 2605(e)(1)(A) and Reg. X Sec. 3500.21(e)(1). A true and accurate copy of this letter is attached here to as **Exhibit "E."**  A response was received from AHMSI dated July 22, 2010 and again on July 26, 2010, attached here to as **Exhibits "F" and "G"**, respectively.  The responses are duplicative and appear to be a form letter not responsive to the questions presented in the undersigned's request

9.  The undersigned served a Written Request dated **July 5, 2010** pursuant to Section 131(f) of the Truth in Lending Act ( "TILA") 15 U.S.C. 1641(f) to the address indicated on the proof of claim.  Copies were also sent to counsel of record for the purported creditor, the Ch 13 Trustee and the office of the US Trustee.  Said request seeks the identity and contact information of the true owner of the promissory Note secured by the mortgage signed by the Debtors.  Said letter was mailed via certified first class US mail, return receipt requested, and requests a response within the time limits set forth under the statute. A true and accurate copy of this letter is attached here to as **Exhibit "H."**  No response has been received to this letter.

10.  The undersigned served a SECOND Qualified Written Request dated **August 11, 2010** pursuant to Section 131(f) of the Truth in Lending Act ( "TILA") 15 U.S.C. 1641(f) to the address indicated on the proof of claim.  Copies were also sent to counsel of record for the purported creditor, the Ch 13 Trustee and the office of the US Trustee.  Said request seeks the identity and contact information of the true owner of the promissory Note secured by the mortgage signed by the Debtors.  Said letter was mailed via certified first class US mail, return receipt requested, and requests a response within the time

limits set forth under the statute. A true and accurate copy of this letter is attached here to as **Exhibit "I."** No response has been received to this letter.

11. The undersigned sent a letter dated August 11, 2010 to then newly appearing Attorney Michelle Marans of the law firm Steven J Baum, PC, advising her that the undersigned was serving a SECOND QWR per TILA on Ms Marans client, AHMSI. A copy of the letter addressed to Attorney Marans is attached hereto as **Exhibit "J"** . To date, the letter addressed to Attorney Marans of the Law Firm of Steven J Baum, PC remains unanswered.

12. The undersigned served a THIRD Written Request dated **September 8, 2010** pursuant to Section 131(f) of the Truth in Lending Act ( "TILA") 15 U.S.C. 1641(f) to the address indicated on the proof of claim. Copies were also sent to counsel of record for the purported creditor, the Ch 13 Trustee and the office of the US Trustee and said letter was further filed and appears on the Court's ECF Docket. Said request seeks the identity and contact information of the true owner of the promissory Note secured by the mortgage signed by the Debtors. Said letter was mailed via certified first class US mail, return receipt requested, and requests a response within the time limits set forth under the statute. A true and accurate copy of this letter is attached here to as **Exhibit "K"** Despite all efforts of the undersigned, to date, no response has been received to this letter.

## II.  LEGAL ARGUMENT: LACK OF EVIDENCE

## REQURED TO SUPPORT A PROOF OF CLAIM  AND FRAUD UPON THE COURT

### A.  Proof of Claim 5-1 Lacks Sufficient Documentation

13. There is no writing filed with the Proof of Claim #5-1 demonstrating DBNTC's interest in the property securing the claim, contrary to the requirements set forth in F.R. B.P. 3001(c) and the requirements printed on the Official Form 10.

14. The note and the mortgage attached proof of claim, while they do not appear to possibly be true copies of the originals, indicate the original lender is "Ameriquest Mortgage Company"  notably, there is nothing attached to the proof of claim to explain how or when or even if DBNTC acquired the Debtor's loan documents as a holder in due course. Furthermore, there is nothing offered by way of attachment to the proof of claim to explain any alternate theory of a relationship between a would be real party in interest and DBNTC (ex., agency) so as to explain how DBNTC and it attorneys have determined the appropriateness of DBNTC right to bringing this claim.

15. DBNTC has failed to provide any evidence that it is the holder of the Debtors' Note and Mortgage as of the date of the petition or for any time frame whatsoever, so as to demonstrate its standing to bring a claim in this Federal Bankruptcy Court.

16. DBNTC has failed to provide any evidence that it is an assignee such that it has standing to bring a claim and DBNTC has further failed to respond to any of the written requests by debtor's counsel and provided only account histories without code keys to decipher the same.  No response to the most basic of the Debtor's questions has been provided. [3]

---

[3] See In Re: Kerman J Minbatiwalla  S.D.N.Y. case number: 09-15693-mg  03/01/2010 Written Opinion And Order Signed On 3/1/2010 Sustaining Re: Debtor's Objection To Proof Of Claim #2 Pursuant To FRBP 3001 Without Prejudice, (related document(s)[15]).  *"If the creditor is an assignee, it must also provide an affidavit attesting to the assignment of the note and*

17. DBNTC has failed to provide any evidence that is an agent of a third party who is a real party in interest with a valid claim and DBNTC's authority to bring the claim on behalf of such third party.

18. DBNTC has not met its evidentiary burden under the bankruptcy code to substantiate its proof of claim. "*Unless a proof of claim is properly executed and filed in accordance with the rules, the proof of claim does not constitute **prima facie** evidence of the validity and amount of the claim*. See Fed.R. Bankr. P. 3001(f)" Id. at 10

19. DBNTC has failed to prove its standing under any theory to substantiate its filing the instant claim.

20. Therefore, the Proof of Claim filed by DBNTC must be disallowed / expunged in full.

21. In addition to Mr. Weinreb's  providing the undersigned with a purported assignment of Mortgage, as aforesaid, the court should take judicial notice that the law firm of Steven J Baum, PC though its attorneys on  or about October 12, 2010 filed a Motion for Relief from Automatic Stay signed by Attorney Carrie McElroy also included the curious document (ie the Assignment of Mortgage) as an exhibit.

22. The Debtor avers that the purported "Assignment of Mortgage" annexed to the Baum firm's Motion for Relief from Automatic Stay and as provided previously by Attorney Weinreb, is signed by  "Crystal Moore" on January 15, 2009, without any supporting documentation to substantiate her authorization to do so.

---

*mortgage. Upon request of the debtor, the creditor has an obligation to provide additional documentation underlying its summary and affidavit (such as the original note and mortgage, or a written assignment), within two weeks after dispatch or communication of such a request, or the debtor can file an objection based on a lack of adequate documentation."* Id at Pg. 21

23. The Debtor further avers that the Assignment of Mortgage presented in this case is of fraudulent nature and questionable origin.  Specifically, "Crystal Moore" is not an appropriate party to sign and/or authorize such assignments as a "Vice President" on behalf of "CitiResidential Lending Inc., as Attorney In Fact for Ameriquest Mortgage Company."  Ms Moore as discussed in detail herein below is a robo signer working for the company know as "National Title Company" has no personal knowledge of the matters asserted in the Assignment of Mortgage and could not possibly have effectuated any assignment of this loan into a securitized trust .

**B.** **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-R7, UNDER POOLING AND SERVICING AGREEMENT DATED AUGUST 1, 2005 LACKED THE LEGAL CAPACITY TO ACCEPT A LOAN OUTSIDE OF A PROCESS PRESCRIBED BY SAID POOLING AND SERVICING AGREEMENT.**

24. The  proof of claim was filed by a purported creditor, "Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7, Under Pooling and Servicing Agreement Dated August 1, 2005"  (hereinafter the "Trust") Said Proof of Claim appears Claim #8-1 on the Court's ECF docket.  Attached to its proof of claim, the claimant as aforesaid,  included a copy of an **unendorsed note, a mortgage, and some invoices**.  There is nothing attached to indicate any relationship between the named creditor on the proof of claim and the loan documents.  That is, until Attorney Weinreb provided the undersigned with an Assignment of Mortgage and Attorney McElroy of the Steven J. Baum PC law firm attached the same to a Motion for Relief from Automatic Stay.

25. Attached here to as **<u>Exhibit L</u>** is the Pooling and Servicing Agreement ("PSA") as researched and found online by the undersigned at the public website of the Security Exchange Commission.  The PSA dated August 1, 2005, is in fact a  FOUR HUNDRED EIGHTY-NINE (489)  page document which governs the Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7 (hereinafter the "PSA").  The entire PSA can be viewed online at the following web page:

http://sec.gov/Archives/edgar/data/1337127/000088237705002499/d368231.htm

Not only did the claimant not include a complete PSA it has neglected to provide any documentation to evidence the loan is owned by this trust.

26. The Debtor avers that Sec. 2.01  controls the conveyance provisions of the PSA, requiring additional parties and a specific chain of transfers by way of true sales are mandatory if a loan is to become an asset of the Trust.  Sec. 11.09 mandates that the transfers be "true sales"  It is unclear why opposing counsel did not reference either of said sections in its proof of claim,(or the Motion for Relief of Stay for that matter) and troublesome that opposing counsel omitted to disclose the provisions to the court.

27. Despite an exhaustive search of the SEC online public records, the undersigned was unable as of the drafting of this objection, to locate any document on file with the SEC that would indicate the Debtors' loan is an asset of the Trust.  According to the provisions described on page 49 of the PSA, "Mortgage Loan Schedule"  a listing of the individual mortgage loans contained in the pool of mortgages making up the Trust, is available and

required as part of the Trust documents. The Debtor hereby reserves his right to request all of the missing portions of the documents mentioned herein.

28. The claimant has also failed to mention ( let alone provide) copies of additional ancillary agreements referenced by and incorporated into the PSA, namely a "Originator Master Agreement," "Mortgage Loan Purchase Agreement" and an "Assignment Agreement." Said agreements are required to properly account for the mandatory process by which the Loan could be acquired as an asset of the Trust.

29. The claimant and its counsel have neglected provisions of the PSA which specify the method of conveying assets to the Trust. The Proof of Claim fails to identify the parties necessary to convey assets to the Trust. Specifically, the claimant fails to identify the required involvement and transfers of the following parties:

**"Originator"** : Ameriquest Mortgage Company (PSA pg.55) ;

**"Seller / Sponsor"** : Ameriquest Mortgage Company ( PSA pg. 82);

**"Depositor"** : Ameriquest Mortgage Securities, Inc., a Delaware corporation, or its successor in interest. ( See PSA pg. 37)

**"Custodian"** : A Custodian, which shall initially be Deutsche Bank National Trust Company (See PSA pg. 36)

**"Trustee"** : Deutsche Bank National Trust Company, a national banking association ( See PSA pg. 87)

30. Because the undersigned cannot locate all of the ancillary agreements and exhibits to the PSA, she researched the pertinent Prospectus Supplement, dated August 23, 2005 to Prospectus dated April 22, 2005, as filed with the SEC , (herein after the "ProSupp")

31. which is attached hereto as **Exhibit "M"** and is also available on line at:

http://sec.gov/Archives/edgar/data/1102913/00009501170500324/a40401.txt

32. The ProSupp describes the Mortgage Pool and series of transfers **required** to occur before any asset is conveyed to the Trust before the cut-off date of the close of business on August 1, 2005 (See PSA pg. 36) is as follows:

THE MORTGAGE POOL

The statistical information presented in this prospectus supplement relates to the Mortgage Loans as of the Cut-off Date. References to percentages of the Mortgage Loans in this prospectus supplement are based on the aggregate scheduled principal balance of such Mortgage Loans as specified in the amortization schedule at the Cut-off Date after application of all amounts allocable to unscheduled payments of principal received prior to the Cut-off Date. Prior to the issuance of the Certificates, some Mortgage Loans may be removed from the mortgage pool as a result of incomplete documentation or otherwise and any Mortgage Loans that prepay or default will be removed. Other mortgage loans may be included in the mortgage pool prior to the issuance of the Certificates. However, the removal and inclusion of such mortgage loans will not materially alter the characteristics of the Mortgage Loans as described in this prospectus supplement, although the range of mortgage rates and maturities and certain other characteristics of the Mortgage Loans may vary.

General

The mortgage loans delivered to the Trust on the Closing Date (the "Mortgage Loans") will consist of conventional, one-to four- family, adjustable-rate and fixed-rate mortgage loans. **The Depositor will purchase the Mortgage Loans from the Seller pursuant to the Mortgage Loan Purchase Agreement, to be dated as of the date of this prospectus supplement (the "Mortgage Loan Purchase Agreement"), between the Seller and the Depositor. Pursuant to the Pooling and Servicing Agreement, to be dated as of the Cut-off Date (the "Pooling and Servicing Agreement"), among the Depositor, the Master Servicer,Fannie Mae and the Trustee, the Depositor will cause the Mortgage Loans to be assigned to the Trustee for the**

**benefit of the certificate holders.** (See ProSupp Pg. S-25; Emphasis added)

33. The mandatory conveyancing procedure prescribed in the documents on file with the SEC for acquiring the mortgage loans by the Trust is summarized as follows:

(A) **Originator → (B) Seller → (C) Depositor → (D) Trustee**

However, according to the affidavits and documentation in support of Claimant's Proof of Claim the chain of transfers and events relied upon by the Movant and presented to the Court is nothing of the sort.

34. In so affirming, the Claimant via its counsel omitted to disclose the fact that the Debtor's Mortgage Loan was to be acquired (per the mandatory conveyancing procedures described in the PSA and set forth in the Prospectus Supplement) by the Trust via the Depositor Ameriquest Mortgage Securities, Inc., which was required to acquire the Debtor's loan from the Seller Ameriquest Mortgage Company. The affirmation presumably prepared by opposing counsel blatantly omits even mentioning the required "A –TO→B –TO→C" of the chain of title. There is no provision in the PSA or described in the ProSupp which permits an assignment from an "attorney in fact" for the originator directly to the Trust. Furthermore, there is no provision for the Trust to ever accept a loan after the closing date, unless it is part of a swap agreement. Again, the creditor and its attorneys have been less than fotrthright about providing this information to the court and to the Debtor. Whether this omission of pertinent facts is a matter of intention or inattentiveness remains to be determined, either way it is an abuse of process.

"A creditor's inattentiveness can be just as abusive of process as an intentional act of misconduct." **In re Schuessler** 386 BR 458 - Bankr. Court, SD New York, 2008

33.   The actions of the underlying Trustee of the Trust are controlled and limited by the Pooling and Servicing Agreement and applicable state law. Due to the limitations placed on the Trust by these sources, the Trust is only able to acquire the debtor's mortgage and note (hereinafter "Mortgage" and "Note") through a specific process and since this process was not followed, the acquisition of the Mortgage and Note are void as a matter of law. According to the PSA, the Trustee cannot accept a conveyance of a loan in the manner asserted by the claimant via opposing counsel.

34.   Regardless of the issues surrounding the Trust and PSA, under the New York Uniform Commercial Code, the Note that forms the basis of the motion for relief has not been negotiated to the Trust. Since it has not, the Trust is not the owner of the Note and therefore the trustee, DBNTC and certainly any of its would-be servicers, lack standing to file the Proof of Claim.

**C.   The Claimant is a securitized trust in this case and the purported assignment is void under controlling New York Law**

Section 11.04 of the Pooling and Servicing Agreement states:

"This Agreement shall be construed in accordance with the laws of the State of New York and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such laws."

35.   New York Trust law says every sale, conveyance or other act of the trustee in contravention of the trust is void. " NY CLS EPTL § 7-2.4, Application of Muratori, 183 Misc. 967, 970 (N.Y. Sup. Ct. 1944) *See also* Dye v Lewis (1971) 67 Misc 2d 426, 324 NYS2d 172, mod on other grounds (1972, 4th Dept) 39 App Div 2d 828, 332 NYS2d 968. (The authority of a trustee to whom a mortgage had been delivered under a trust indenture was subject to any limitations imposed by the trust instrument, and every act in contravention of the trust was void.)  The Trust created by the PSA consists of the

Depositor's right, title and interest in various mortgages and notes. However, the Trust, has only one way of obtaining these assets, namely by acquiring them from the Depositor and it cannot acquire them any other way under New York State Law without the written consent of all the Trusts beneficiaries.

36.     Given the sheer size of the mortgage pool, it is reasonable to assume that the Trust has a very large number of beneficiaries. As per N.Y. Est. Powers & Trusts Law §7-2.4: "If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." A "beneficial person" has been defined as any person who under the a trust instrument , has right, whether past present or future, or vested or contingent, to income or principal of trust fund. Schoellkopf vs. Marine Trust Co. of Buffalo, 267 N.Y. 358, 196 N.E. 288 (1935) In Gilbert vs. Gilbert 39 NY2D 663(1976), 385 NYS 2d 278, 350 NE 2D 609, the court stated that the instrument by which a grantor conveyed additional property to a "Clifford Trust" could not have served as an amendment to the original trust instrument where written consent to amendment by all persons beneficially interested in the trust was not obtained. (A "Clifford Trust" is a trust used to move income producing assets from a parent's tax rate to a child's tax rate.) In the case of In re Morgenhagen 50 A.D. 3D 1486, 856 N.Y.S.2d 389 (4 Dept. 2008), the New York trial court Held that where the consent of all persons beneficially interested in an irrevocable family trust had not given consent to the revocation of the trust prior to the revocation, the trust was not validly revoked.

**D. THE ASSIGNMENT OF MORTGAGE PRODUCED BY THE CLAIMANT AND OR ITS ATTORNEYS AND OR OTHER THIRD PARTIES IS A BOGUS DOCUMENT**

37. The Debtor avers that the purported "Assignment of Mortgage" is signed by "Crystal Moore" on January 9, 2010 without any supporting documentation to substantiate his/her authority to do so.

38. The Debtor further avers that the Assignment of Mortgage presented in this case is of fraudulent nature and questionable origin. Specifically, "Crystal Moore is not an appropriate party to sign and/or authorize such assignments for the purported Assignee, as a "Vice President" on behalf of "CitiResidential Lending Inc., as Attorney In Fact for Ameriquest Mortgage Company." The Debtor avers that the entity know as "CitiResidential Lending, Inc." ceased to exist in Novmember 2008. Furthermore, the assets including the servicing rights previously owned by the entity known as Ameriquest Mortgage Company were also sold to CitiGroup on August 31, 2007. What remains of CitiResidential Lending Inc and Ameriquest are mere shell corporations.

39. Who is "Crystal Moore and what authority dies she have to sign the assignment of mortgage presented in the instant case? The Court should further know that Crystal Moore and her trusty co-worker Bryan Bly have also signed numerous documents presented in other bankruptcy and foreclosure cases in courts throughout the United States. In some cases the two have been know to switch roles with Mr Bly playing the rols of Corporate Officer and Ms Moore playing the rols of Notary Public. Please see the sampling of documents gathered by the undersigned all signed by Ms. Moore together with Mr. Bly attached hereto as **"Exhibit N"** .

40. It would be a very impressive resume for any one person to be a officer of multiple companies within a short time span, the Debtor avers that the more likely scenario is that Crystal Moore is not who she purports to be in any of the documents and lacks any personal knowledge and any authority to actually transfer the asset of any entity in this case. The Debtor further avers that Ms Moore and Mr. Bly are actually robo-signers working for the company, National Title Company ( "NTC") as all of the documents in the sampling and all those known to the undersigned are identified as "prepared" by NTC.

41. The Debtor further avers that it defies logic for Ms. Moore a purported officer of the Assignor listing its address in the Assignment of Mortgage as in the state of California, to travel to Florida to execute the document before a notary.

42. The Debtor hereby avers that the Assignment of Mortgage presented by the claimant, DBNTC, in the case at bar to be a fraudulent document fabricated and presented under oath subject to penalty of perjury with the intention and purpose of misleading the Court, the Debtor, the Chapter 13 Trustee and all parties affiliated with Mr. Durant's Chapter 13 Bankruptcy case.

III.  DBNTC  LACKS STANDING AS PER APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE AND BANKRUPTCY PROCEDURE

43.  In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of "who" can assert a claim as a holder, because pleading *and* standing issues which arise in the context of our

federal court system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real party in interest**.*" (emphasis added)

44. An Objection to Proof of claim, is a contested matter, governed by F. R. Bankr. P. 9014, which makes F.R. Bankr. Pro. 7017 applicable to such motions. F.R. Bankr. P. 7017 is, of course, a restatement of F. R. Civ. P. 17.

45. The Debtor avers that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual note holder is not stated, DBNTC'S very claim is defective.

46. In the case of Deutsche Bank Nat'l Trust Co. v. Steele, 2008 WL 111227 (S.D. Ohio) January 8, 2008, the Honorable Judge Abel found that Deutsche Bank had filed evidence in support of its motion for default judgment indicating that MERS was the mortgage holder. There was not sufficient evidence to support the claim that Deutsche Bank was the owner and holder of the note as of that date. In following In re Foreclosure Cases, 2007 WL 456586, the Court held that summary judgment would be denied "until such time as Deutsche Bank [the movant] was able to offer evidence showing, by a preponderance of evidence, that it owned the note and mortgage when the complaint was filed." 2008 WL 111227 at 2. Deutsche Bank was given twenty-one days to comply. Id.

47. In a decision on March 10, 2009, the Honorable Philip H. Brandt, US Bankruptcy Judge for the Western District of Washington cited the matter of In Re Jacobson , 19 CBN 522 (Bankr. W.D. Wash. 2009) and denied a motion filed by a servicing agent for lack of standing because it was not brought in the name of the party who had the right to enforce

a deed of trust and did not establish that the movant was authorized to act on behalf of the party who had such right.

**48.** In the case at bar, the claimant, DBNTC, by its own documents, establishes only that it is neither the holder nor the owner of the note.  DBNTC neither asserts that it has a beneficial interest in the specifically endorsed Note affixed to Proof of Claim #5-1.

## IV.  DBNTC LACKS CONSTITUTIONAL STANDING TO FILE THE INSTANT CLAIM SEEKING RELIEF IN A FEDERAL COURT

49. The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Controversies." Justice Powell delivered the Opinion of the Supreme Court in the case of Warth v. Seldin addressing the question of standing in a federal court as follows:

> "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the plaintiff has made out a "case or controversy" between himself and the defendant within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the plaintiff has "alleged such a personal stake in the outcome of the controversy" as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered "some threat or actual injury resulting from the putatively illegal action…" Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973)." Warth v. Seldin 422U.S.490, 498 (1975)

> "Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers. … even when the plaintiff has alleged injury sufficient to meet the "case or controversy" requirement, this Court has held that the **plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal**

**rights or interests of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943)." Warth v. Seldin 422U.S.490, 499 (1975) (**emphasis added**)

50. The Debtor in the instant case reiterates that a party seeking to file a claim in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999).* Again, the minimum constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge Christian College v Americans United for Separation of Church & State, Inc., 454 U.S. 464, 473 (1982).* Furthermore, in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. *Coyne, 183 F.3d at 494; Valley Forge, 454 U.S. at 472.*

51. DBNTC fails to disclose enough/any information to the court and set forth a valid claim.

52. As set forth hereinabove, the Clamant makes no assertions as to its own interest in the outcome of the instant claim it is making, nor does claimant make any mention of any perceived injury to itself. Claimant cannot bring this claim without properly either identifying direct injury or threat of injury to itself or by joining a real party in interest.

53. A party filing a proof of claim must demonstrate that it has standing to do so. The minimum constitutional requirements for standing in a federal court are: proof of injury in fact, causation and redressability. Valley Forge Christian College vs. Americans United for Separation of Church & State, Inc. 454 U.S. 464, 472 (1982). In its Motion for Termination of Automatic Stay, JP Morgan Chase refers to itself as a "secured creditor." (see first paragraph in both Movant's pleadings "Application" and "Supplemental

Affirmation in Further Support of Motion for Temination of the Automatic Stay")
However, the Claimant has not shown that it has any stake in the ownership of the Note
and Deed of Trust as either a holder or owner. Any attempt to indicate itself as an owner
of the loan has been by way of fraudulent and misleading documents.

54.     It is well anticipated that DBNTC will respond to this objection by asserting that the
assignment, regardless of validity, is unnecessary.  This phenomenon of submitting
written assignments and then arguing they are of no consequence or otherwise
"unnecessary," is not unique to the documents submitted in this Federal Court . In a
February 2009 decision Wells Fargo Bank, N.A., as Trustee for First Franklin Mortgage
Loan Trust 2006-FF15, Mortgage Pass Through Certificates, Series 2006-FF15 v. Sem
M. Sait Aubin, et al 2009 NY Slip Op 50197(U) (copy attached) NY Supreme Court
Judge Arthur Schack was concerned for the authenticity and motivation behind certain
assignments in deciding a motion for summary judgment in a foreclosure action. J.
Schack denied plaintiff's motion expressing the court's reservations as to a series of two
questionable assignments , "…the Court requires an explanation from an officer of
plaintiff Wells Fargo explaining why, in the midst of our national subprime mortgage
financial crisis, plaintiff Wells Fargo purchased from MERS, as nominee for First
Franklin, a nonperforming loan." And further  noted that the motion was denied without
predjudice provided the moving party, but 60 days to provide documentation which in
part would , "(2) an affidavit from an officer of plaintiff, WELLS FARGO BANK, N.A.
AS TRUSTEE FOR FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15,
MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15, explaining why

plaintiff took the September 10, 2007 assignment of the instant nonperforming loan, 102 days in arrears, from MORTGAGE ELECTRONIC REGISTRATIONS SYSTEMS, INC., as nominee for FIRST FRANKLIN, A DIVISION OF NATIONAL CITY BANK; Wells Fargo v. Sait Aubin p. 6

J. Arthur Schack when presented with written assignments of questionable nature in foreclosure actions has routinely not permitted the Plaintiff to switch gears after submitting such writings to later claim that no writing is required. In fact , Judge Schack has taken the position that once a writing is submitted, the court will require a thorough and complete verification of its authenticity. Judge Schack has repeatedly denied plaintiffs motions in foreclosure actions requiring additional verification pertaining to the authenticity of submitted assignments. WELLS FARGO BANK, N.A., as Trustee for FIRST FRANKLIN MORTGAGE LOAN TRUST 2006-FF15, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FF15 v. SEM M. SAINT AUBIN, ET. AL. 37401/07 Supreme Court of the State of New York, Kings County, Decided February 10, 2009. ; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee Under Pooling and Servicing Agreement Dated as of April 1, 2007 Securities Asset Backed Receivables, LLC Trust 2007-BR2 Mortgage Pass-through Certificates, Series 2007-br2 v. LINDA BAILEY, ET. AL. 2009 NY Slip Op 50191(U) 3747/08 Supreme Court of the State of New York, Kings County Decided February 9, 2009.; INDYMAC BANK, FSB v. RANDOLPH BETHLEY; SONIA BADILLO ROSADO, ET. AL. 2009 NY Slip Op 50186(U) 9615/08 Supreme Court of the State of New York, Kings County Decided February 6, 2009.

55.     As one Court described the bank's burden to show standing: "If the claimant is the

        original lender, the claimant can meet its burden by introducing evidence as to the

        original loan. If the claimant acquired the note and mortgage from the original lender or

        from another party who acquired it from the original lender, the claimant can meet its

        burden through evidence that traces the loan from the original lender to the claimant. A

        claimant who is the servicer must, in addition to establishing the rights of the holder,

        identify itself as an authorized agent for the holder."  Maisel, 378 B.R. at 22 (quoting In

        re Parrish, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005)).


56.     Here, DBNTC has not demonstrated its standing to file a claim.  The documents

        presented shows that BDNTC is not the holder of the note and Mortgage.   Accordingly,

        the Debtor's Objection should be sustained and relief granted.


### V.   MOVANT LACKS STANDING AS PER APPLICABLE UCC PROVISIONS

57.     In bankruptcy proceedings, State substantive law controls the rights of note and lien

        holders, as the Supreme Court pointed out almost forty (40) years ago in United States v.

        Butner, 440 U.S. 48, 54-55 (1979). In order to enforce a note, the party seeking to collect

        is required to show that it is the holder. A holder is an entity that has acquired the note

        either as the original payor or transfer by endorsement of order paper or physical

        possession of bearer paper. These requirements are set out in Article 3 of the Uniform

        Commercial Code, which has been adopted in every state, including New York. As set

        forth hereinabove, the Movant in its papers identified the "Holder" of the mortgage loan

as Deutsche Bank as Trustee. In so naming the Holder, the Movant admits it is not itself the Holder. UCC Article 3 governs negotiable instruments, specifically defining what a negotiable instrument is and how ownership of such paper is transferred. §3-104 (1) any writing to be a negotiable instrument….must

(a) Be signed by the maker or drawer; and

(b) contain an unconditional promise or order to pay a sum certain in money, and no other promise, order, obligation or power given by the maker…; and

(c) Be payable on demand or at a definite time; and

(d) payable to order or bearer.

Ordinary negotiable instruments include notes. See § 3-104(2)(d) Negotiable paper is transferred from the original payor by negotiation. §3-301. "Order paper" must be endorsed; bearer paper need only be delivered. §3-305. However, in either case, for the note to be enforced, the person who asserts the status of the holder must be in possession of the instrument. (See UCC § 1-201 (20) and comments.) Both the original and subsequent transferees are referred to as "holders." (See § 3-305 ) The UCC provides that a payment to a party "entitled to enforce the instrument" is sufficient to extinguish the obligation of the person obligated on the instrument. Clearly, then, only a holder – a person in possession of either a note which is endorsed to it *or* a holder of bearer paper – may seek satisfaction or enforce rights in collateral such as real estate.

In the instant case, the Claimant, DBNTC , never substantiates any claim of being a "holder" nor does it offer any documentation to substantiate itself as a holder as required under the UCC.

58.     Furthermore, the Claimant would be hard pressed to explain how it would or could bypass the requirements of the PSA and obtain true ownership and control of the both the Note and the Mortgage. The purported copy of the note provided in both the Proof of Claim and the Mootion for Relief from Stay,is unendorsed. There is no endorsement of the Note and thus this Note could not have been "sold" to or "purchased" by the Depositor, and in turn, could not have been subsequently sold by Depositor to or otherwise purchased by the Trust.

## VI.     LEGAL ARGUMENT: THE PROOF OF CLAIM FAILS TO SUBSTANTIATE THE ITEMIZATION OF THE CLAIM

59.  The Proof of Claim filed by DBNTC includes a single page document entitled "Exhibit A Itemization of Claim" as aforesaid, a copy of which is attached hereto as **<u>Exhibit N</u>**

60.  The itemization of the claim fails to identify key pieces of information needed to calculate and reconcile the amount claimed.

61.  The debtor requested copies of the items for which according to the itemization provided were charged to the debtors account without any further substantiating documents. Debtor specifically requested copies of the following items, invoices and cancelled checks to prove payment of each of the following:

a.  Attorney Fee and Costs

b.  Inspection Fees;

c.  Appraisal Fees;

d.  NSF Fees;

e.  Breach Letters; and

f.  Escrow Shortage

Unfortunately, neither despite the numerous attorneys with appearances in this file, none of the issues expressed have been addressed nor have the attorneys responded to the debtors' request for additional documentation.

62. Therefore, the debtor further objects to the amount of the claim and requests a full accounting of the mortgage loan and complete documentation of all items claimed.

**WHEREFORE,** the debtors pray of the Court as follows:

A. That Proof of Claim #5-1 be expunged;

B. That Court direct the Chapter 13 Trustee to strike the proof of claim of Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7 ;

C. That Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7or its agents or be precluded from filing any amended, modified or substitute claim in this case;

D. That Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7provide an accounting of all figures set forth in its proof of claim and documentation as to all items listed.

E. That the Debtor have and recover against Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset

Backed Pass-Through Certificate Series 2005-R7 in the form of actual damages;

F.  That the Debtor have and recover against Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7 a sum to be determined by the Court in the form of statutory damages;

G.  That the Debtor have and recover against Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7 a sum to be determined by the Court for punitive damages;

H.  That the Debtor have and recover against Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7 a sum to be determined by the Court all legal fees and expenses incurred by her attorney; and

I.  That the debtor have such other and further relief as the Court may deem just and proper.

This the 18th Day of October, 2010.

   /S/ Linda M. Tirelli
Linda M. Tirelli, Esq.,
Law Offices of Linda M.Tirelli, PC
Of Counsel to David Babel, PC
Counsel for the Debtor
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

## XII.  Conditional Motion Requesting the Recovery of Legal Fees and Expenses Under 28 USC 1927

In the event the Proof of Claim #5-1 is withdrawn by DBNTC at any time prior to the conclusion of the final hearing on the merits or in the event this Court strikes the proof of claim and amended proof of claim based on one or more of the **Affirmative Defenses** pleaded herein or in the further event that the Court denies the claim upon a finding of one or more of the following facts:

1.  This Court finds that the factual contentions in the proof of claim and/or amended proof of claim was/were not based on a reasonable review of the account records of the debtors as maintained by the Master Servicer, the Primary Servicer, the Subservicer, the Default Servicer, the Claimant, or any third-party vendor; or

2.  This Court finds that the alleged default in payments by the debtors was based in whole or in part on any misapplication of payments from debtor by the Claimant or any other party; or

3.  This Court finds that the alleged default in payments by the debtor was based in whole or in part upon the use of payments made by the debtors for the payment of or the credit against any fees or expenses of any nature whatsoever related to or arising out of the debtors' mortgage loan that have not heretofore been approved by this Court after proper notice and hearing; or

4.  This Court finds that the factual contentions in the motion were not supported by the evidence in the account records of the debtors or, in the alternative, were inconsistent with the

proofs of payment tendered as evidence by the debtors and duly admitted as evidence by this Court; or

5. This Court determines that the proof of claim and amended proof of claim was/were filed for some improper purpose such as to harass the debtors or to cause unnecessary delay or needlessly increase the cost of this Chapter 13 bankruptcy case.

Then and in the event any one or more of such findings are made by this Court then the debtor respectfully move this Court pursuant to the provisions of Section 1927 of Title 28 of the United States Code for the recovery of their legal fees and expenses in a sum equal to twice the presumed fee or the hourly billing rate of the attorney for the debtor ($450.00), whichever amount is greater, and for the recovery of the debtors' expenses such as lost time from work, travel costs, telephone calls, postage, paying for bank records, securing and paying for money order or checking tracing and confirmation services, expenses incurred for the electronic tracing of payments and the like, from Deutsche Bank National Trust Company as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass-Through Certificate Series 2005-R7, its successors in interest, and/or the attorneys for the Claimant.

In support of this conditional motion, the debtors show unto the Court that Section 1927 of Title 28 of the United States Code, regarding Counsel's liability for excessive costs, provides:

*Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.*

A district court has the inherent power to assess attorney's fees against a party who has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975) (internal quotations omitted). In this regard, if a court finds "that fraud has been practiced upon it, or that the very temple of justice has been defiled," it may assess attorney's fees against the responsible party. *Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575, 580 (1946). In such instances, the imposition of sanctions "transcends a court's equitable power concerning relations between the parties and reaches a court's inherent power to police itself, thus serving the dual purpose of 'vindicat[ing] judicial authority without resort to the more drastic sanctions available for contempt of court and mak[ing] the prevailing party whole for expenses caused by his opponent's obstinacy.'" *Chambers v. Nasco*, 501 U.S. 32, 46 (1991) (quoting *Universal Oil*, 328 U.S. at 580).

**WHEREFORE,** the debtor having responded by way of Motion Objecting to Claim to the proof of claim #5-1 herein for the purpose of reserving his right to hearing before the court respectfully pray of the court as follows**:**

A. That the debtor(s) be granted a **preliminary hearing** on all issues raised by the pleadings in this case;

B. That if applicable the claimant be ordered pursuant to **Rule 7034** of the Federal Rules of Bankruptcy Procedure to **produce all current appraisal reports on the subject property, valuations, delinquency contact reports, mortgage inspection reports, property inspection reports, and all documents** prepared in connection with this loan before any court hearing;

C. That the court require the claimant pursuant to **Rule 7034** of the Federal Rules of Bankruptcy Procedure to **produce a complete life of loan history of all receipts of payments since the filing of this case (from the Trustee and the Debtors) and a detailed summary of the application and disbursement of all such payments**;

D. That if applicable the claimant be ordered to provide the debtor(s) with **the name, address and telephone number of the current holder of the mortgage or note as provided for by Section 1641(f)(2) of Title 15 of the United States Code**;

E. That if applicable the claimant provide the debtor(s) with a list of each entity having any interest in the mortgage note that is the subject of this motion including, but not limited to, any broker, table-funder, correspondent lender, originator, lender, warehouse lender, trustee, investor, trustee under a pooling and servicing agreement, servicer, sub-servicer, master-servicer, or similar party, and to identify each such party by full name, address, and a telephone number;

F. That if applicable the claimant be required to provide the debtor(s) for each party listed pursuant to Section E herein the consideration each entity received or disbursed for any interest it obtained or relinquished in the loan as well as the party it paid consideration to or received it from;

G. That this response be treated as a written **Request for Production of the Documents** described herein, including the production of the lists and records as identified herein, said request being made pursuant to Rule 7034 of the Federal Rules of Civil Procedure and Rule 34 of the Federal Rules of Civil Procedure, and that **the court enter an order requiring such documents to be produced a least ten (10) days prior to any final hearing on this motion**;

H. That this response be treated as a **Motion pursuant to Rule 9006(c)(1)** of the Federal Rules of Civil Procedure for this court in its discretion without notice and a hearing to reduce the time period to respond to the request for production of documents as provided for herein to a period of no less than ten (10) days prior to the designated hearing date and that the claimant be ordered to fax legible copies of said documents to the attorney for the debtor(s) or to transmit the same by an expedited or express mail service;

I. That the court require the claimant to establish all facts in its claim(s) by way of sworn testimony by qualified and competent agents and employees of the claimant and to that extent the debtor(s) object to the use of any affidavits at this hearing and will only consent to the testimony of witnesses with actual and personal knowledge of the facts so that they can authenticate that any matter is what it is claimed to be;

J. That if applicable the motion be dismissed if the claimant fails to produce all of the requested documents at least five (5) days before the hearing date as requested herein and that sanctions be awarded against the claimant in the event thereof;

K.  That if applicable this motion be dismissed pursuant to Rules 7017, 7019, and 7020 of the Federal Rules of Bankruptcy Procedure for failure to prosecute the same in the name of the real party in interest, to join necessary and mandatory parties, or to include the Trustee under the Deed of Trust, or the Trustee under the Pooling and Servicing Agreement, as a necessary party;

L. That if applicable this motion be dismissed for failure of the claimant to comply with the mandatory claim transfer and assignment Rules as provided for by **Rule 3001(e)** of the Federal Rules of Bankruptcy Procedure;

M.  That the debtor(s) be granted a **final hearing** on all issues raised by the pleadings in this case;

N.  That the attorney for the debtor(s) be awarded a non-base legal fee of $450.00 to be paid under the plan; and

O.  That the debtor(s) have such other and further relief as to the court may seem just and proper.

**This document may contain nonpublic personal information about the consumer-debtor(s) subject to the restrictions of the Federal Gramm-Leach-Bliley Act.  Such information, if any, is only included in this document for matters and things related to the bankruptcy case of these consumer-debtor(s).  You may therefore only use this information in connection with proceedings in this bankruptcy case and for no other purpose.**

**You may not directly or indirectly redisclose or reuse any of the consumer-debtor(s)' nonpublic personal information contained in this document for any other purpose.**

This the 18th Day of October, 2010.

___/S/ Linda M. Tirelli_____
Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601
PH (914)946-0860
Fax(914)946-0870

LINDA TIRELLI, ESQ
OF COUNSEL TO DAVID J. BABEL, PC
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

**IN THE MATTER OF**

                                               **CHAPTER 13**

**ARTHUR DURANT**               **CASE NO: 10-12269 (SCC)**
              **DEBTOR**

                                                 **NOTICE OF**
                                                 **OBJECTION TO PROOF OF**
                                               **AND REQUEST FOR**
                                               **ACCOUNTING**
                                               **AND CONDITIONAL MOTION**
                                               **FOR SANCTIONS AND FEES**

-------------------------------------------------------------------X

---

              **NOTICE OF OBJECTION TO PROOF OF CLAIM**
                    **AND REQUEST FOR ACCOUNTING**
        **AND CONDITIONAL MOTION FOR DAMAGES AND FEES**
           **AND NOTICE OF OPPORTUNITY FOR HEARING**

---

**TO:   DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR
AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS-THROUGH
CERTIFICATE SERIES 2005-R7**

**PLEASE TAKE NOTICE** that an Objection to Proof of Claim has been filed by the debtor
named above.  A copy of the objection accompanies this notice.

        **YOUR RIGHTS MAY BE AFFECTED.  YOU SHOULD READ THESE PAPERS
CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE
IN THIS BANKRUPTCY CASE.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY
WISH TO CONSULT ONE.**

        **TAKE FURTHER NOTICE** that if you do not want the Court to grant the relief
requested by the debtors in their motion, or if you want the Court to consider your views on the
motion, then on or before **November 18, 2010** you or your attorney must do three (3) things:

      1.      **File with the court a written response requesting that the Court hold a
             hearing and explaining your position.  File the response at:**

United States Bankruptcy Court
One Bowling Green
New York, New York 10004

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

   2.   **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

Linda M. Tirelli, Esq.,
Counsel for the Debtor
Law Offices of Linda M.Tirelli
202 Mamaroneck Avenue, 3rd Floor
White Plains, NY 10601

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603

Greg Zipes, Esq.
United States Department of Justice
Southern District of New York
33 Whitehall Street, 21st Floor
New York, NY 10004

   3.   **You must also attend the hearing scheduled for _November 18, 2010  at 10:00 a.m.** in Courtroom Number  (t/b/a) at the United States Bankruptcy Court, One Bowling Green, New York, NY 10004.

   If you or your attorney do not take these steps, **A HEARING WILL NOT BE HELD** and the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

                                  This the  18th Day of October, 2010.

                                     __/S/ Linda M. Tirelli_____
                                  Linda M. Tirelli, Esq.,
                                  Counsel for the Debtor
                                  Law Offices of Linda M.Tirelli PC
                                  202 Mamaroneck Avenue, 3rd Floor
                                  White Plains, NY 10601
                                  PH (914)946-0860 / Fax(914)946-0870

## CERTIFICATE OF SERVICE

Linda M. Tirelli, attorney for the debtor, hereby certifies to the Court as follows:

1.     I am not a party for the foregoing proceeding;

2.     I am not less than 18 years of age;

3.     I have this day served a copy of the foregoing **OBJECTION TO PROOF OF CLAIM, REQUEST FOR ACCOUTING AND CONDITIONAL MOTION  FOR DAMAGES AND FEES, AND A PROPOSED ORDER DISALLOWING CLAIM BY DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-R7 AND NOTICE OF OPPORTUNITY FOR HEARING** on all parties in interest by placing the same in an envelope, first-class mail, postage prepaid, addressed to each person at his dwelling house or usual place of abode or to the place where he regularly conducts his business or profession as follows:

Deutsche Bank National Trust Company
As Trustee For Ameriquest Mortgage Securities Inc.
Asset Backed Pass-Through Certificate Series 2005-R7
1761 East St. Andrew Place, Santa Ana, CA 92705-4934

American Home Mortgage Servicing, Inc.
1525 S. Beltline Rd. Suite 100 N
Coppell, TX 75019

Natalie Grigg, Esq. and
Michelle Marans, Esq.
Carrie Rhea McElroy
Royston Mendonza
c/o Steven J. Baum, PC
220 Northpointe Parkway
Amherst, NY 14228

Amy A. Barcelo
U.S. Attorney's Office, SDNY
86 Chambers Street
3rd Floor
New York, NY 10007

United States Department of Justice
Office of United States Trustee
Southern District of New York
Attn: Attorney Greg Zipes, UST
33 Whitehall Street, 21st Floor
New York, NY 10004

Arthur Durant
3720 Dyre Avenue
Bronx, NY 10461

David Babel
2525 Eastchester Road
Bronx, NY 10469

Jeffrey Sapir, Esq.
Chapter 13 Trustee
399 Knollwood Road
White Plains, NY 10603


    4.     To the best of my knowledge, information and belief, the parties in interest are not infants or incompetent persons;


    5.     Service as outlined herein was made within the United States of America.


                    This the 18th Day of October , 2010.

                    __/S/ Linda M. Tirelli_____
                    Linda M. Tirelli, Esq.,
                    Counsel for the Debtor
                    Law Offices of Linda M.Tirelli
                    202 Mamaroneck Avenue, 3rd Floor
                    White Plains, NY 10601
                    PH (914)946-0860
                    Fax(914)946-0870

LINDA TIRELLI, ESQ
OF COUNSEL TO DAVID J. BABEL, PC
COUNSEL FOR DEBTOR
202 MAMARONECK AVEUNE, 3RD FLOOR
WHITE PLAINS, NEW YORK 10601
PH(914) 946-0860

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

**IN THE MATTER OF**

| | |
|---|---|
| | **CHAPTER 13** |
| **ARTHUR DURANT** | **CASE NO: 10-12269 (SCC)** |
| **DEBTOR** | |
| | **ORDER** |

-----------------------------------------------------------------X

**PROPOSED ORDER DISALLOWING CLAIM FILED BY:**
**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR**
**AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS-THROUGH**
**CERTIFICATE SERIES 2005-R7; PROPOSED ORDER FOR ACCOUNTING;**
**PROPOSED ORDER FOR AWARD OF DAMAGES AND FEES**

THIS CAUSE coming on to be heard, and being heard, before the undersigned Judge of the United States Bankruptcy Court for the Southern District of New York, pursuant to the objection to the claim of the creditor named above filed by the debtor; and

IT APPEARING to the undersigned that this court has jurisdiction over the parties and over the subject matter of this objection; and

IT FURTHER APPEARING to the undersigned that all parties in interest received notice of this objection and of the time, date and place of this hearing and that no such parties have filed any timely objections or otherwise appeared in opposition to the said objection and that the time for filing any such objection has expired; and

IT FURTHER APPEARING to the undersigned that the relief requested by the debtors in their objection is consistent with the applicable provisions of Title 11 of the United States Code and that the debtors have established good and sufficient cause to grant said relief; and

IT FURTHER APPEARING to the undersigned that the objection of the debtors to the proof of claim of the above named creditor should be sustained; and

IT FURTHER APPEARING to the undersigned that the Chapter 13 Trustee should and is hereby directed to strike the claim of the said creditor; and

IT FURTHER APPEARING to the undersigned that **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-R7**

shall provide a full accounting and supporting documentation of all sums described in its proof of claim;

IT FURTHER APPEARING to the undersigned that **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-R7** should be and is hereby precluded from filing any amended, modified or supplemental proof of claim in this case; and

IT FURTHER APPEARING to the undersigned that **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-R7** be and it is hereby directed to pay within 3 days of the date of the entry of this order the sum of $_____to Linda M. Tirelli, Esq., the attorney for the debtor; and

IT FURTHER APPEARING to the undersigned that **DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC. ASSET BACKED PASS-THROUGH CERTIFICATE SERIES 2005-R7** be and it is hereby directed to pay within 3 days of the date of the entry of this order the sum of $_____to the debtor; and

IT IS THEREFORE SO ORDERED.

_____
Hon. Shelly C. Chapman
United States Bankruptcy Judge